IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-164 |
| | ) | |
| GORDON RYAN DANIELS, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on January 28, 2009, for a scheduled pretrial conference and motion hearing on the defendant's pending Motion for Continuance [Doc. 8]. Assistant United States Attorney Kelly Norris appeared on behalf of the government. Attorney Douglas A. Trant appeared on behalf of the defendant, who was also present.

The defendant has moved [Doc. 8] to continue the February 11, 2009 trial date to permit defense counsel time to prepare fully and render the effective assistance of counsel. At the hearing, defense counsel stated that the LSD involved in this case was in liquid form. He was presently seeking a way to determine the amount of pure LSD in that liquid, which is important for sentencing purposes and to allow the defendant to continue with plea negotiations. Counsel noted that the test could not be performed locally by the Tennessee Bureau of Investigation. He agreed that the process of determining the type of test necessary, finding a person or entity that could perform the test, the actual testing, and receipt of a report on the results could take three to four months. The government did not object to a continuance. Both parties agreed that all the time between the filing of the

defendant's motion and the new trial date was fully excludable under the Speedy Trial Act.

The Court finds the defendant's Motion for Continuance [Doc. 8] to be well taken. The ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The defendant is charged [Doc. 1] with possession on July 14, 2008, of one gram or more of a substance containing LSD with the intent to distribute. Defense counsel related that the parties are attempting to negotiate a plea agreement but that the defendant needs information on the applicable sentencing guidelines in order to participate in that process. Relevant to the determination of the defendant's potential sentence is the amount of pure LSD in the liquid LSD involved in this case. Defense counsel is in the process of determining the type of testing that will yield that information. Once he determines the test to be used, he will need to locate a person or an entity that can conduct the test. He will then need time for the test to be completed. Finally, he will need time for a report on the test results to be submitted. Once he receives the test results, he will need time to prepare for trial in light of those results. The Court finds that all of this could not take place prior to the presently scheduled trial date of February 11, 2009, or in less than four months. Accordingly, the denial of the defendant's motion for a continuance would deprive the defendant of sufficient time for effective preparation for trial, taking into account counsel's exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the Court **GRANTS** the defendant's Motion for Continuance [**Doc. 8**], finding that a continuance is required to allow the defendant the reasonable time necessary to effectively prepare for trial. The Court has set a new trial date of **June 2, 2009**, at 9:00 a.m. The Court further finds and the parties agree that the period of time between the filing of the defendant's motion on **January 19, 2009**, and the new trial date of **June 2, 2009**, shall be fully excludable as provided by

the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F), -(8)(A)-(B).

Accordingly, it is **ORDERED:**

1. The defendant's Motion for Continuance [**Doc. 8**] is **GRANTED**;

2. The trial is reset to commence at **9:00 a.m., on June 2, 2009,** before the Honorable Thomas W. Phillips, United States District Judge; and

3. All time between the filing of the defendant's motion on **January 19, 2009**, and the **June 2, 2009** trial date is fully excludable time under the Speedy Trial Act as set forth above.

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

3